IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| HUBLINK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. __________ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LINE FRIENDS INC. and | ) |
| LINE EURO-AMERICAS CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff Hublink, LLC ("Hublink"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Hublink is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant Line Friends Inc. is a Delaware company with, upon information and belief, a place of business located at 1515 Broadway, New York, New York 10010.

3. Defendant Line Euro-Americas Corp. is a Delaware company with, upon information and belief, a place of business located at 5750 Wilshire Boulevard, Suite 640, Los Angeles, California 90036.

4. Upon information and belief, Defendant Line Friends Inc. and Defendant Line Euro-Americas Corp. are related entities and are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

7. Upon information and belief, Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

**THE PATENT-IN-SUIT**

9. On June 29, 2004, U.S. Patent No. 7,239,338 (the "'338 patent"), entitled "Videophone System and Method," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '338 patent is attached hereto as Exhibit A.

10. The '338 patent solves problems of providing real time video conferencing.

11. The claims of the '338 patent effect an improvement in video conferencing to solve the problems of relatively high cost, complexity both in design and use, the inability to concurrently provide quality image and sound, and the inability to provide a network infrastructure capable of two-way communications with minimal signal degradation.

12. Hublink is the assignee and owner of the right, title and interest in and to the '338 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,239,338**

13. Hublink repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants are liable for infringement of at least claim 12 of the '338 patent by making, using, importing, offering for sale, and/or selling a videophone communication system in the form of the LINE software platform and mobile application for placing video calls between computers and mobile devices.

15. More specifically and upon information and belief, Defendants use a videophone communication system in the form of the LINE software platform and mobile application for placing video calls between computers and mobile devices. *See* https://www.line.me/en-US/ (last accessed Oct. 25, 2017). The LINE software and mobile app requires computers and mobile devices to connect over a communications media (e.g., LAN, LTE, or Wi-Fi) with sufficient bandwidth for and configured for real-time video and audio communication. *See* http://help.line.me/line/android/categoryId/20000058/3/pc?lang=en (last accessed Oct. 25, 2017). The LINE software and mobile app require the communications media to be connected to a common communications network (e.g., WAN) with sufficient bandwidth for and configured for real-time video and audio communication. *See id.* The LINE software and mobile app uniquely identify each computer or mobile device and their addresses on the communication network using an IP address or other identifying information. *See* http://terms.line.me/line_rules/?lang=en-US (last accessed Oct. 25, 2017). LINE stores at an operations center the IP addresses (or other identifying information such as an IP address, MAC address, name, or LINE username) of computers and mobile devices in order to facilitate video calls between them. *See* http://help.line.me/line/android/categoryId/20000085/3/pc?lang=en (last accessed Oct. 25, 2017). The LINE software and mobile app on a first mobile device accesses stored information (e.g., IP address or other identifying information) about a second mobile device from a LINE server, which

allows the first mobile device to transmit and receive video and audio to and from the second mobile device. *See* https://www.youtube.com/watch?v=Rr5KEi-Ez8c (last accessed Oct. 25, 2017). The LINE software and mobile app connect one user to another through the communications network and communications media and establishes a transmission of audio and video from the computer or mobile device of one user to the computer or mobile device of another user. *See id.*

16. Hublink is entitled to recover from Defendants the damages sustained by Hublink as a result of Defendants' infringement of the '338 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

**JURY DEMAND**

Hublink hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Hublink requests that this Court enter judgment against Defendants as follows:

A. An adjudication that Defendants have infringed the '338 patent;

B. An award of damages to be paid by Defendants adequate to Hublink for Defendants' past infringement of the '338 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Hublink's reasonable attorneys' fees;

D. An award to Hublink of such further relief at law or in equity as the Court deems just and proper.

Dated: October 25, 2017

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Hublink, LLC*